[No. 42803-2-II.   Division Two.   November 19, 2013.]

THE STATE OF WASHINGTON, *Respondent*, v. DENNIS LAWRENCE
McCARTHY, *Appellant*.

*Jodi R. Backlund* (of *Backlund & Mistry*), for appellant.

*Robert W. Ferguson, Attorney General,* and *John Hillman, Assistant,* for respondent.

¶1 MAXA, J. — Dennis McCarthy appeals his convictions and sentence for second degree assault and first degree assault against his girlfriend. McCarthy challenges the trial court's decision to provide the jury with a tape measure and masking tape during deliberations without consulting him or his counsel, arguing that this conduct violated his right to a public trial, right to be present, and right to counsel. We hold that (1) McCarthy's public trial right was not implicated because the trial court's response to the jury request was not a proceeding historically open to the public, and (2) McCarthy's right to be present and right to counsel were not violated because the provision of the materials was a ministerial matter and the tape measure and masking tape were not evidence.

¶2 McCarthy also argues that the trial court improperly decided whether the two assault convictions were the same criminal conduct rather than submitting the issue to the jury. We hold that the trial court and not the jury properly decided whether McCarthy's two convictions constituted the same criminal conduct. We address additional issues in the unpublished portion of this opinion. We affirm McCarthy's convictions and sentence.

## FACTS

¶3 McCarthy's assault charges were tried to a jury. While the jury was deliberating, it asked the trial court for a tape measure and masking tape. The trial court had the bailiff deliver those items to the jury without first consulting counsel. Before the jury returned with its verdict, the trial court informed the parties on the record that it had provided those items to the jury and asked if there were any

objections. McCarthy expressed concern that the trial court did not consult the parties before providing the supplies to the jury, but did not state a formal objection or move for a mistrial.

¶4 The jury convicted McCarthy on both assault charges. At sentencing, the trial court concluded the first and second degree assault convictions were not the same criminal conduct, and counted each conviction as one point for offender score purposes. McCarthy appeals.

## ANALYSIS

### A. TRIAL COURT'S RESPONSE TO JURY REQUEST FOR MATERIALS

¶5 McCarthy argues that the trial court's providing the jury with a tape measure and masking tape during deliberations outside his, his counsel's, and the public's presence violated his rights to a public trial, to be present at trial, and to assistance of counsel. We disagree because responding to jury requests for materials does not implicate the right to a public trial and the trial court did not violate McCarthy's right to be present or right to counsel because of the ministerial nature of the response to the jury's request.

### 1. Public Trial Right

¶6 The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington State Constitution guarantee a defendant the right to a public trial. *State v. Wise*, 176 Wn.2d 1, 9, 288 P.3d 1113 (2012). In general, this right requires that certain proceedings must be held in open court unless application of the five-factor test set forth in *State v. Bone-Club*, 128 Wn.2d 254, 258-59, 906 P.2d 325 (1995) supports closure of the courtroom.[1] We review public trial claims de novo. *Wise*, 176 Wn.2d at 9.

---

[1] McCarthy did not object when informed that the materials had been provided to the jury. However, "a defendant does not waive his right to a public trial by failing to object to a closure at trial." *Wise*, 176 Wn.2d at 15. Accordingly, we address this issue despite the absence of McCarthy's objection below.

¶7 The threshold determination when addressing an alleged violation of the public trial right is whether the proceeding at issue even implicates the right. *State v. Sublett*, 176 Wn.2d 58, 71, 292 P.3d 715 (2012). "[N]ot every interaction between the court, counsel, and defendants will implicate the right to a public trial, or constitute a closure if closed to the public." *Sublett*, 176 Wn.2d at 71. In *Sublett*, our Supreme Court adopted a two-part "experience and logic" test to address this issue: (1) whether the place and process historically have been open to the press and general public (experience prong) and (2) whether public access plays a significant positive role in the functioning of the particular process in question. 176 Wn.2d at 72-73. Only if both questions are answered in the affirmative is the public trial right implicated.[2] *Sublett*, 176 Wn.2d at 73.

¶8 We hold that the experience prong shows that the public trial right does not attach to the trial court's response to a jury's request for a tape measure and masking tape. McCarthy cites no authority indicating that a trial court's response to a jury request for these types of additional materials historically has been open to the public. Conversely, the only case addressing a somewhat similar jury request held that the trial court's response did not need to be in open court. In *State v. Koss*, 158 Wn. App. 8, 17-18, 241 P.3d 415 (2010), *review granted*, 176 Wn.2d 1030 (2013), Division Three of this court held that the trial court's in-chambers response to a deliberating jury's request for an audio player to listen to evidence did not violate the defendant's public trial right.

¶9 Further, our Supreme Court in *Sublett* held that even responding to "substantive" jury questions does not implicate a public trial right. In *Sublett*, the trial court responded in chambers to a jury question regarding one of the instruc-

---

[2] Our Supreme Court has held that a personal restraint petitioner has the burden of satisfying the experience and logic test. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 29, 296 P.3d 872 (2013). It remains unclear whether the same rule applies in a direct appeal.

tions, with only counsel present. 176 Wn.2d at 67. The question and response were then put in the record. *Sublett*, 176 Wn.2d at 67. The court determined that a trial court's discussion with the parties about jury questions and any response was not historically a proceeding to which the public trial right attached. *Sublett*, 176 Wn.2d at 77. In reaching this conclusion, the court noted that the only authority it could find governing jury questions was CrR 6.15(f)(1), which does not require that the trial court discuss questions and appropriate responses in open court.[3] *Sublett*, 176 Wn.2d at 77.

¶10 Here, a request for a tape measure and masking tape does not even rise to the level of a question about an instruction. If there is no public trial right for substantive jury questions about instructions or evidence, there should be no expectation that such a right exists for this nonsubstantive request. We rely on *Sublett* and hold that a trial court's response to a jury request for a tape measure and masking tape is not a proceeding to which the public trial right attaches. 176 Wn.2d at 77. Accordingly, McCarthy has failed to satisfy the experience prong of the *Sublett* test.[4]

## 2. Defendant's Right To Be Present

¶11 McCarthy argues that the trial court violated his constitutional right to be present at trial when it provided the jury with a tape measure and masking tape in his absence. We disagree because responding to a jury request for nonevidentiary materials is not a critical stage of trial.

---

[3] CrR 6.15(f)(1) establishes the procedure for a trial court to use when a deliberating jury has a question about the "instructions or evidence," and states that the trial court must respond to all questions "in open court or in writing." This language indicates that a trial court has the option of responding orally to substantive jury questions in open court or privately in writing.

[4] Because the experience prong is not satisfied, we need not address the logic prong. *Sublett*, 176 Wn.2d at 73.

a. Parameters of Right

¶12 "A criminal defendant has a fundamental right to be present at all critical stages of a trial." *State v. Irby*, 170 Wn.2d 874, 880, 246 P.3d 796 (2011). This right derives from the Sixth and Fourteenth Amendments to the federal constitution. *Irby*, 170 Wn.2d at 880-81. Although the right to be present originated in the confrontation clause of the Sixth Amendment, the Fourteenth Amendment due process clause applies where defendants are not actually confronting witnesses or evidence against them.[5] *State v. Jones*, 175 Wn. App. 87, 105, 303 P.3d 1084 (2013), *petition for review filed*, No. 89321-7 (Wash. Sept. 26, 2013).

¶13 In general, a stage of trial is "critical" if it presents a possibility of prejudice to the defendant. *State v. Hawkins*, 164 Wn. App. 705, 715, 265 P.3d 185 (2011), *review denied*, 173 Wn.2d 1025 (2012). More specifically, our Supreme Court in *Irby* quoted extensively from *Snyder v. Massachusetts*, 291 U.S. 97, 105-06, 54 S. Ct. 330, 78 L. Ed. 674 (1934), *overruled in part on other grounds by Malloy v. Hogan*, 378 U.S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964), in adopting guidelines for analyzing the federal due process right to be present claim. 170 Wn.2d at 881. Initially, "the due process right to be present is not absolute." *Irby*, 170 Wn.2d at 881. " '[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence.' " *Irby*, 170 Wn.2d at 881 (quoting *Snyder*, 291 U.S. at 107-08). Under this standard, a defendant has the right to be present at a proceeding only when there is a " 'reasonably substantial' " relationship between his/her presence and the " 'opportunity to defend' "

---

[5] The right to be present also is guaranteed by article I, section 22 of the Washington State Constitution, which provides, "In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel." Our Supreme Court has recognized that the state constitutional right to appear and defend arguably is broader than the federal due process right. *Irby*, 170 Wn.2d at 885 n.6. However, McCarthy does not argue that his rights were violated under article I, section 22, so we need not address this issue.

against a charge. *Irby*, 170 Wn.2d at 881 (quoting *Snyder*, 291 U.S. at 105-06). Conversely, a defendant does not have the right to be present if his/her presence " 'would be useless, or the benefit but a shadow.' " *Irby*, 170 Wn.2d at 881 (quoting *Snyder*, 291 U.S. at 106-07).

b. Particular Proceedings

¶14  Several Washington cases have addressed what constitutes a critical stage of a trial that would implicate the defendant's right to be present. "The core of the constitutional right to be present is the right to be present when evidence is being presented." *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 306, 868 P.2d 835 (1994). Accordingly, it appears that any proceeding where the trial court is dealing with evidence is a critical stage. This includes a proceeding involving "a resolution of disputed facts." *Lord*, 123 Wn.2d at 306. In addition, the law is clear that a defendant has a right to be present during all aspects of the jury selection process, *Irby*, 170 Wn.2d at 883-84, and at the return of the verdict. *State v. Rice*, 110 Wn.2d 577, 617, 757 P.2d 889 (1988).

¶15  On the other hand, a defendant has no right to be present at proceedings involving " 'legal' " or " 'ministerial' " matters. *Irby*, 170 Wn.2d at 881-82 (quoting *In re Pers. Restraint of Pirtle*, 136 Wn.2d 467, 484, 965 P.2d 593 (1998)). The defendant's presence is not required at in-chambers or bench conferences between the trial court and counsel on legal matters (as long as they do not involve the resolution of disputed facts), *Lord*, 123 Wn.2d at 306; or motions for continuance. *In re Pers. Restraint of Benn*, 134 Wn.2d 868, 920, 952 P.2d 116 (1998). Further, in *Jones*, we held that the random drawing of names to determine an alternate juror is not a critical stage of trial implicating the defendant's due process right or a proceeding affecting the defendant's substantial rights implicating the state constitutional right to be present. 175 Wn. App. at 105-07.

### c. Response to Jury Request

¶16 The issue here is whether the trial court's response to a jury's request for a tape measure and masking tape constituted a critical stage of trial. We are guided by *State v. Jasper*, where Division One of this court addressed the trial court's response to two jury questions asking for clarification of the law in the defendant's absence. 158 Wn. App. 518, 538-39, 245 P.3d 228 (2010), *aff'd*, 174 Wn.2d 96, 271 P.3d 876 (2012). The court rejected the defendant's right to be present claim, stating, "Because the jury's questions did not raise any issues involving disputed facts, the court's consideration of and response to the jury's inquiries did not constitute a critical stage of the proceedings." *Jasper*, 158 Wn. App. at 539.

¶17 On the other hand, Division Three of this court indicated that the discussion of jury inquiries (in that case, one involving trial testimony and another requesting a compact disc player) is a critical stage of trial, and broadly stated that "[c]ommunications between the judge and jury without the defendant's presence are error." *Koss*, 158 Wn. App. at 18. The court in *Koss* cited to *State v. Caliguri*, 99 Wn.2d 501, 508-09, 664 P.2d 466 (1983), which held that it was error for the trial court to replay admitted tapes of recorded telephone calls for the jury without the defendant present. 158 Wn. App. at 18-19. Our Supreme Court in *Caliguri* stated, "It is settled in this state that there should be no communication between the court and the jury in the absence of defendant." 99 Wn.2d at 508.

¶18 We find *Caliguri* distinguishable. That case involved a "substantive" communication between the trial court and jury – the trial court replayed critical trial evidence for the jury. Here, the interaction between the jury and the judge was administrative or "ministerial." Further, here there was no actual "communication" from the trial court to the jury – the trial court simply provided the requested materials. We do not read *Caliguri* as prohibiting

nonsubstantive contact between the trial court and the jury without the defendant present. And to the extent *Koss* holds that *any* communication – even involving ministerial matters – between the trial court and the jury implicate the right to be present, we disagree and decline to follow such a broad ruling.

¶19 Here, the jury's request for a tape measure and masking tape did not involve a substantive issue of law or fact, and did not raise any issues involving disputed facts. It involved simple tools the jury requested for some unstated and unknown purpose, and the trial court handled the request in its administrative capacity. As a result, we hold that the trial court's response to the request for materials was a ministerial matter that does not invoke the defendant's right to be present. *Irby*, 170 Wn.2d at 881-82.

¶20 Nevertheless, McCarthy argues that he had a right to be present because the trial court "effectively presented the jury with additional evidence" when he provided a tape measure and masking tape. Br. of Appellant at 20. We disagree. These materials cannot be classified as evidence. Nothing in the record suggests that a tape measure or masking tape injected new facts regarding this case. Instead, they were tools to assist the jury in understanding or evaluating the evidence presented at trial, much like a calculator, or even a pen and paper. Responding to a jury request for a tape measure and masking tape did not provide the jury with additional evidence.[6]

¶21 We hold that the trial court's response to the jury's request for a tape measure and masking tape does not constitute a critical stage of the trial requiring McCarthy's presence. Therefore, the trial court's action did not violate McCarthy's right to be present.

---

[6] McCarthy presumes that these materials allowed the jury to perform experiments relating to the dimensions of the window and the distance his girlfriend fell. But this is nothing more than speculation. The jury did not state why they wanted them.

### 3. Defendant's Right to Counsel

¶22 McCarthy argues that the trial court's responding to the jury's request for a tape measure and masking tape without notifying his attorney violated his constitutional right to counsel. We disagree.

¶23 Under the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington State Constitution, "a criminal defendant is entitled to the assistance of counsel at critical stages in the litigation." *State v. Heddrick*, 166 Wn.2d 898, 909-10, 215 P.3d 201 (2009). A "critical stage" in the right to counsel context is when " 'a defendant's rights may be lost, defenses waived, privileges claimed or waived, or in which the outcome of the case is otherwise substantially affected.' " *Heddrick*, 166 Wn.2d at 910 (quoting *State v. Agtuca*, 12 Wn. App. 402, 404, 529 P.2d 1159 (1974)).

¶24 We held above that the trial court's response to a jury's request for a tape measure and masking tape does not constitute a critical stage of trial for purposes of the defendant's constitutional right to be present. Because the standard for the right to assistance of counsel is almost identical to the right to be present standard, we apply our "right to be present" analysis and holding to the right to assistance of counsel. We hold that a trial court's response to a jury request for a tape measure and masking tape is not a critical stage of trial requiring assistance of counsel.

¶25 However, we must address Division Three's statement that "the discussion of a jury inquiry is a critical stage of the trial at which the defendant has a right to meaningful representation by counsel." *Koss*, 158 Wn. App. at 18 (citing *Rogers v. United States*, 422 U.S. 35, 39, 95 S. Ct. 2091, 45 L. Ed. 2d 1 (1975)). As noted above, we make a distinction between substantive and administrative jury inquiries. In *Rogers* – on which the court in *Koss* relied – the trial judge without defendant or counsel present told the jury that it could enter a guilty verdict with a recommendation

for extreme mercy. 422 U.S. at 36-37. This communication was substantive and very significant. In contrast, the contact here between the jury and the trial court did not involve a substantive matter. As discussed above, we disagree that responding to a jury's inquiry about a "ministerial" matter is a critical stage of the trial. Further, here there was no actual discussion or communication between the trial court and jury. The trial court's bailiff simply provided the requested materials.[7]

¶26 We hold that the trial court's responding to the jury's request for a tape measure and masking tape without notifying defense counsel did not violate McCarthy's constitutional right to counsel.

## B. SENTENCING: SAME CRIMINAL CONDUCT

¶27 Crimes constitute the "same criminal conduct" for sentencing purposes when they "require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a). McCarthy argues that the trial court violated his constitutional right to a jury trial during sentencing by deciding the same criminal conduct issue itself rather than submitting the issue to a jury. We disagree.

¶28 McCarthy relies on the rule set forth in *Apprendi v. New Jersey*, in which the United States Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). However, because the "same criminal conduct" rule is an exception to the rule that all convictions count separately

---

[7] The court in *Koss* also cited to CrR 6.15(f)(1). 158 Wn. App. at 18. CrR 6.15(f)(1) provides that the trial court must notify the parties only when the jury asks a question about "the instructions or evidence." Here, the jury's inquiry involved neither, and therefore CrR 6.15(f)(1) does not apply. It may be a better practice for the trial court to notify the parties of *any* contact with the jury, even regarding "ministerial" matters. But as discussed above, there is no constitutional right to such notice and CrR 6.15(f)(1) does not require it.

for purposes of computing the offender score, a finding of same criminal conduct can operate only to *decrease* the offender score and the otherwise applicable sentencing range. RCW 9.94A.525(5)(a)(i); *In re Pers. Restraint of Markel*, 154 Wn.2d 262, 274, 111 P.3d 249 (2005). Therefore, there is no *Apprendi* violation where the trial court addresses the same criminal conduct rule because that finding can serve only to decrease the defendant's possible sentence. *See Apprendi*, 530 U.S. at 490; *Markel*, 154 Wn.2d at 274.

¶29 We hold that the issue of same criminal conduct is properly decided by the sentencing court. Accordingly, the trial court here did not err in refusing to submit the issue to a jury.

¶30 We consider McCarthy's remaining arguments in the unpublished portion of this opinion. We affirm his convictions and sentence.

¶31 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

WORSWICK, C.J., and HUNT, J., concur.