## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) | |
| | ) | No. 70310-2-I (Consol. with |
| v. | ) | No. 70311-1-I) |
| | ) | |
| ELIZABETH ANNE EWING, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | FILED: August 25, 2014 |

DWYER, J. — In April 2013, Elizabeth Ewing pleaded guilty to one count of burglary in the first degree and one count of identity theft in the second degree. At her sentencing hearing, Ewing asserted that two of her prior convictions from 2008—theft in the second degree and identity theft in the second degree— constituted the same criminal conduct for purposes of calculating her offender score. The trial court disagreed and treated the two prior convictions from 2008 as separate offenses when it calculated her offender score. In addition to assigning error to the trial court's categorization of her prior offenses, Ewing contends that the court erred by considering the affidavit of probable cause supporting the 2008 prosecution when sentencing her in 2013.

We review a sentencing court's resolution of a same criminal conduct claim for abuse of discretion or misapplication of the law. State v. Aldana Graciano, 176 Wn.2d 531, 535, 295 P.3d 219 (2013). Because we hold that the

No. 70310-2-I (consol. with 70311-1-I)/2

trial court neither abused its discretion nor misapplied the law, we affirm Ewing's sentences.

I

On July 11, 2008, Ewing pleaded guilty to two offenses, both of which were committed on April 30, 2008: theft in the second degree and identity theft in the second degree. Ewing committed theft in the second degree[1] by appropriating a "US Bank Visa card" belonging to Lise Houston. Houston left her purse containing the Visa card at a Quizno's restaurant in Mukilteo, Washington, where Ewing was working.

Ewing then committed identity theft in the second degree, as defined under former RCW 9.35.020 (2004),[2] by using the appropriated Visa card "to make purchases in the amount of $98.47 at the Marysville Ross store."[3]

The State's 2008 affidavit of probable cause described the offenses as follows:

---

[1] As defined under former RCW 9A.56.040(1)(c) (2007), "[a] person is guilty of theft in the second degree if he or she commits theft of . . . [a]n access device." In pertinent part, theft means "[t]o appropriate lost or misdelivered property or services of another, or the value thereof, with intent to deprive him or her of such property or services." RCW 9A.56.020(1)(c).

> "Access device" means any card, plate, code, account number, or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services, or anything else of value, or that can be used to initiate a transfer of funds, other than a transfer originated solely by paper instrument.

Former RCW 9A.56.010(1) (2006).

[2] No person may knowingly obtain, possess, use, or transfer a means of identification or financial information of another person, living or dead, with the intent to commit, or to aid or abet, any crime . . . when the accused . . . uses the victim's means of identification or financial information and obtains an aggregate total of credit, money, goods, services, or anything else of value that is less than one thousand five hundred dollars in value, or when no credit, money, goods, services, or anything of value is obtained.

Former RCW 9.35.020(1), (3) (2004).

[3] In 2008, the State's charge against Ewing for identity theft in the second degree was based on her intent to commit forgery. However, Ewing was not charged with forgery.

-2-

> [I]n Snohomish County, Washington[,] on April 30, 2008[,] the defendant Elizabeth Ewing stole Lise Houston's purse full of credit cards and purchased items with the stolen credit cards at Kohl's and Ross[,] forging Ms. Houston's name.
>
> On April 30, 2008[,] Lise Houston ate lunch at the Quizno's located in Mukilteo, Washington. Ms. Houston left Quizno's without her purse. Video surveillance shows the defendant tak[ing] Ms. Houston's purse from where it was left, put[ting] it behind the counter, and then eventually walk[ing] out of the restaurant with the purse[,] only to return later without it. Ms. Houston had numerous access devices inside her purse[,] including an American Express Card, a Kohl's credit card, two U.S. Bank Visa credit cards (a Southwest Airlines Mileage Plan card and a United Airlines credit card), [and a] Lockheed Federal Credit Union Visa debit card. . . .
>
> . . . .
> On April 30, 2008, Ms. Houston's Kohl's card was used twice at the Kohl's located in Marysville, Washington. . . .
>
> On April 30, 2008[,] the . . . Visa card was used to make purchases in the amount of $98.47 at the Marysville Ross Store. Surveillance video . . . shows [Ewing] making the purchases. The receipt from Ross shows that [Ewing] signed Lise Houston's name on the credit card slip.

In 2008, the sentencing court did not consider Ewing's two offenses to be the same criminal conduct,[4] as evidenced by Ewing's judgment and sentence. Next to the words, "[c]urrent offenses encompassing the same criminal conduct and counting as one crime in determining the offender score," the 2008 sentencing court made no markings or notations of any kind. In addition, Ewing's 2008 sentencing documents, including her statement of defendant on plea of guilty and her plea agreement, indicated that Ewing agreed that the trial court could consider, in determining whether to accept her guilty pleas and in

---

[4] "'Same criminal conduct' . . . means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." Former RCW 9.94A.589(1)(a) (2002).

determining the appropriate sentences, the information contained within the 2008 affidavit of probable cause.

In April 2013, Ewing pleaded guilty to two other offenses: identity theft in the second degree[5] (committed on May 8, 2012) and burglary in the first degree (committed on August 25, 2012). Although Ewing was prosecuted for these offenses under separate cause numbers, she was sentenced on the same day, April 17, 2013.[6]

At her 2013 sentencing hearing, Ewing asserted that her two 2008 offenses constituted the same criminal conduct for purposes of calculating her offender score because the theft and the identity theft were committed with "the exact same Visa card." Specifically, Ewing referenced her 2008 plea agreement, asserting as follows:

> [T]he proper score on the identity theft and burglary should be four[,] for prior convictions for ID theft and for theft were the same Visa card. You'll notice in her plea agreement on that card, both Count I and Count II were for the exact same Visa card. Therefore we're arguing same course of criminal conduct, and should be scored as one point rather than two.

Ewing asked the sentencing court to examine her statement describing her 2008 offenses, which was contained in her 2008 statement of defendant on plea of guilty. That statement read as follows:

> In Snohomish County[,] Washington, on or about April 30, 2008[,] I did the following:

---

[5] RCW 9.35.020, identity theft, was amended in June 2008, after Ewing committed identity theft in the second degree in April 2008, but before she committed the same offense in 2012. Laws of 2008, ch. 207, § 4. The amended provisions in RCW 9.35.020 were not applicable to Ewing's 2008 offenses.

[6] The two causes were consolidated on appeal.

I appropriated lost property – an access device – a Visa card belonging to Lisa [sic] Houston – with intent to deprive her of that property[,] and I knowingly possessed a means of financial information – the Visa card belonging to Lisa Houston – with intent to commit the crime of forgery.

The State provided the 2013 sentencing court with copies of the plea paperwork from 2008, including "the Information, the Probable Cause Affidavit, the Statement of Defendant on Plea of Guilty, and the Judgment and Sentence." Ewing agreed that the trial court could consider the facts in these documents to determine the question of whether her two 2008 offenses constituted the same criminal conduct.[7]

The trial court considered the two 2008 offenses, musing as follows:

What about the factors from State v. Dunaway[8] which indicate that there are three elements, the same objective criminal intent, the same time and place, and the same victim? So I have two different questions about that, I guess. One is that the same objective criminal intent is required, the criminal intent for the theft is an intent to deprive the true owner of the property. The criminal intent required for the identity theft is intent to commit another crime, to-wit, forgery. So how is that the same objective criminal intent?
. . . .
How about the time and place? According to the Probable Cause Affidavit, the Visa card was stolen at a Quizno's when the owners

---

[7] THE COURT: . . . I have a set of documents that are represented to me by the State as being from cause 08-1-01352-3[,] [c]onsisting of the Information, the Probable Cause Affidavit, the Statement of Defendant on Plea of Guilty, and the Judgment and Sentence. Do you dispute that these are the documents I should be looking at?
MR. ROTHSTEIN: No.

. . . .
THE COURT: So however the court interprets them, we're all in agreement that these are the facts that I have to work with; correct?
MR. ROTHSTEIN: Correct.
MR. DENES: Correct, Your Honor.
Two attorneys, Mr. Rothstein and Mr. Denes, represented Ewing at her 2013 sentencing.
[8] 109 Wn.2d 207, 743 P.2d 1237 (1987).

of the card inadvertently left it behind. The defendant acquired it then, which means the crime was committed, and then later on the same day at a separate place, was either Kohl's or Ross, the card was used. . . . [H]ow is the requirement that the two offenses happened at the same time and place, how is that satisfied here?

In response, Ewing's counsel argued that, "she clearly possessed both at the same time," and stated that

[i]t's one card. And essentially our argument is that[,] based on her statement, the theft was a theft with possession as well as knowing the -- possessing means of financial information was possessing the card. Therefore our argument is that this is the same course of conduct. It was the same time and same intent.

The court found that the 2008 offenses were not the same criminal conduct:

Although they did apparently relate to the same Visa card, at least as to what the defendant acknowledged doing, and the State accepted that for purposes of guilty plea, as did the court, the criminal intent is different. The criminal intent for the second degree theft is to deprive the rightful owner of the property. That was done. That was accomplished. The criminal intent for the identity theft is different than that. It's that the defendant did knowingly obtain, possess, use, and transfer a means of identification and financial information of a person, to-wit Lise Houston, with the intent to aid and abet a crime to-wit, forgery. So one crime is committed frankly before the other one even begins, and the other one has a different objective criminal intent.

Additionally, under the facts of this case as set forth in the Probable Cause Affidavit, it took place at a different time and a different place. The theft was done before this defendant walked out the door of the Quizno's with the purse. She took the purse which had been left behind and appropriated it to her own use. At a later time during that day she committed the identity theft. And so the different time and place element is not satisfied.

The sentencing court's determination, that Ewing's 2008 offenses were not the same criminal conduct, resulted in an offender score calculation of five,

meaning that her sentence ranges were 14 to 18 months for identity theft in the second degree and 41 to 54 months for burglary in the first degree. The sentence ranges for an offender score calculation of four—the offender score calculation Ewing urged at sentencing—were 12+ to 14 months for identity theft in the second degree and 36 to 48 months for burglary in the first degree.

The trial court sentenced Ewing to 18 months of confinement for identity theft in the second degree and 48 months of confinement for burglary in the first degree. Ewing appeals, assigning error to the offender score calculation applicable to each of her 2013 sentences.

II

Ewing contends that the trial court erred "by counting [her] prior convictions for theft and identity theft as separate offenses in computing her SRA offender score." This is so, she asserts, because her "prior convictions for theft and identity theft furthered each other and were both committed when [she] possessed another person's credit card with the intent of committing forgery." Ewing's contention is unavailing.

Our Supreme Court has "repeatedly observed that a court's determination of same criminal conduct will not be disturbed unless the sentencing court abuses its discretion or misapplies the law." Aldana Graciano, 176 Wn.2d at 536. "A trial court abuses its discretion if its decision '(1) adopts a view that no reasonable person would take and is thus manifestly unreasonable, (2) rests on facts unsupported in the record and is thus based on untenable grounds, or (3) was reached by applying the wrong legal standard and is thus made for

- 7 -

untenable reasons.'" State v. Johnson, 180 Wn. App. 92, 100, 320 P.3d 197 (2014) (internal quotation marks omitted) (quoting State v. Sisouvanh, 175 Wn.2d 607, 623, 290 P.3d 942 (2012)); accord State v. Rohrich, 149 Wn.2d 647, 654, 71 P.3d 638 (2003).

With regard to an offender score calculation, "when the record supports only one conclusion on whether crimes constitute the 'same criminal conduct,' a sentencing court abuses its discretion in arriving at a contrary result. But where the record adequately supports either conclusion, the matter lies in the court's discretion." Aldana Graciano, 176 Wn.2d at 537-38 (citation omitted).

> A determination of "same criminal conduct" at sentencing affects the standard range sentence by altering the offender score, which is calculated by adding a specified number of points for each prior offense. RCW 9.94A.525. For purposes of this calculation, current offenses are treated as prior convictions. RCW 9.94A.589(1)(a). However, "if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime." [RCW 9.94A.589(1)(a)].

Aldana Graciano, 176 Wn.2d at 535-36.

"[B]ecause the existence of a prior conviction favors the State . . . the State must prove it" by a preponderance of the evidence. Aldana Graciano, 176 Wn.2d at 539; RCW 9.94A.500(1). "In contrast, a 'same criminal conduct' finding favors the defendant by lowering the offender score below the *presumed* score." Aldana Graciano, 176 Wn.2d at 539 (citing State v. Lopez, 142 Wn. App. 341, 351, 174 P.3d 1216 (2007)). "Because this finding favors the defendant, it is the defendant who must establish the crimes constitute the same criminal conduct." Aldana Graciano, 176 Wn.2d at 539.

"Two crimes manifest the 'same criminal conduct' only if they 'require the same criminal intent, are committed at the same time and place, and involve the same victim.'" Aldana Graciano, 176 Wn.2d at 540 (quoting RCW 9.94A.589(1)(a)). "As part of this analysis, courts also look to whether one crime furthered another." Aldana Graciano, 176 Wn.2d at 540 (citing State v. Dunaway, 109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987)). "If the defendant fails to prove any element under the statute, the crimes are not the 'same criminal conduct.'" Aldana Graciano, 176 Wn.2d at 540 (citing State v. Maxfield, 125 Wn.2d 378, 402, 886 P.2d 123 (1994)). "'[T]he statute is generally construed narrowly to disallow most claims that multiple offenses constitute the same criminal act.'" Aldana Graciano, 176 Wn.2d at 540 (alteration in original) (quoting State v. Porter, 133 Wn.2d 177, 181, 942 P.2d 974 (1997)). Hence, in order to establish that her 2008 offenses constituted the same criminal conduct, Ewing was required to prove each of the three elements—the same criminal intent, the same time and place, and the same victim—by a preponderance of the evidence.

The trial court's determination as to Ewing's prior convictions was premised on its findings that the two offenses did not involve the same criminal intent and that the offenses did not occur at the same time and place. On appeal, Ewing asserts that the trial court erred in reaching these determinations. This is so, she reasons, because she "took the Visa card in order to use it, and thus she committed both theft and identity theft at the moment she took possession of the card." Ewing is incorrect.

Contrary to Ewing's assertion, she did not commit identity theft in the second degree at the moment she took possession of the Visa card. Rather, Ewing committed identity theft in the second degree when she made purchases at the Marysville Ross store and forged Lise Houston's name on the credit card receipt. It was at the Ross store where Ewing used a means of identification or financial information (the Visa card) with intent to commit another crime (forgery)—constituting identity theft in the second degree. Former RCW 9.35.020 (2004).

Nevertheless, Ewing relies on Porter, 133 Wn.2d 177, for her assertion that "crimes need not be simultaneous to be the same criminal conduct." However, Porter is readily distinguished, given that the two crimes at issue in Porter were committed at the same place. 133 Wn.2d at 179-80.

Here, Ewing cannot reconcile the same time and place requirement with the fact that her 2008 offenses occurred in different cities: Mukilteo (the place of Ewing's theft in the second degree) and Marysville (the place of Ewing's identity theft in the second degree). Thus, the 2013 sentencing court correctly found that Ewing failed to demonstrate that her 2008 offenses were committed at the same time and place.

Ewing's failure to establish that her 2008 offenses were committed at the same time and place is dispositive of her claim. Aldana Graciano, 176 Wn.2d at 540. Because Ewing failed to show that her two 2008 offenses were committed at the same and place, we need not "reach the comparatively more difficult question of whether [her] objective intent changed from one crime to the other."

- 10 -

Aldana Graciano, 176 Wn.2d at 540-41; State v. Fisher, 139 Wn. App. 578, 586, 161 P.3d 1054 (2007) (addressing only the same time and place element of the same criminal conduct analysis because that element was dispositive).

Accordingly, the trial court did not abuse its discretion or misapply the law when it found that Ewing did not meet her burden to establish that her 2008 offenses constituted the same criminal conduct for purposes of calculating her offender score.

## III

Ewing next contends that the trial court erred when it reviewed and considered the 2008 affidavit of probable cause in determining that the two 2008 offenses were not the same criminal conduct. Specifically, she contends that the trial court erroneously "looked beyond the fact of the prior convictions and her guilty plea statement for those crimes." We disagree.

Ewing relies upon three United States Supreme Court cases to support her assertion that the trial court erroneously took it upon itself to find facts, by reviewing and considering the information found in the 2008 affidavit of probable cause. See Descamps v. United States, __ U.S. __, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013); Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013); and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Instead, Ewing claims, such facts should only have been found by a jury beyond a reasonable doubt. However, Ewing's reliance upon Descamps, Alleyne, and Apprendi is misplaced.

Because "a 'same criminal conduct' finding favors the defendant by lowering the offender score below the *presumed* score," Aldana Graciano, 176 Wn.2d at 539, Ewing bore the burden of establishing that her 2008 prior convictions were offenses that constituted the same criminal conduct. "[T]here is no Apprendi violation where the trial court addresses the same criminal conduct rule because that finding can serve only to decrease the defendant's possible sentence." State v. McCarthy, 178 Wn. App. 90, 103, 312 P.3d 1027 (2013) (citing Apprendi, 530 U.S. at 490); In re Pers. Restraint of Markel, 154 Wn.2d 262, 274, 111 P.3d 249 (2005)). Indeed, Ewing could not attempt to establish that her 2008 offenses constituted the same criminal conduct without inviting the 2013 sentencing court to consider the facts which formed the basis for her pleas and sentencing in 2008.

In 2008, in requesting that the trial court accept her guilty pleas, Ewing agreed that the court could consider the facts set forth in the 2008 affidavit of probable cause. Thus, the contents of that affidavit are facts admitted by the defendant, within the meaning of Apprendi. See Blakely v. Washington, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) (holding that, "for Apprendi purposes," the maximum sentence a judge may impose is based "*solely on the . . . facts reflected in the jury verdict or admitted by the defendant*").

Ewing asserts on appeal that the facts forming the basis for her guilty pleas and sentencing in 2008—to which she agreed in 2008—cannot be considered in calculating her offender score at her sentencing in 2013. However, at her sentencing in 2013, in an attempt to meet her burden of proof, Ewing

specifically agreed that the trial court could consider the facts set forth in the 2008 affidavit of probable cause when she requested that the trial court rule in her favor and find that her 2008 offenses constituted the same criminal conduct. Ewing cannot have it both ways. Moreover, having admitted to these facts for purposes of her 2008 guilty pleas, Ewing was stuck with that factual record at her 2013 sentencing hearing.

The trial court did not err at Ewing's 2013 sentencing by reviewing and considering Ewing's 2008 affidavit of probable cause in determining that her 2008 offenses did not constitute the same criminal conduct for purposes of calculating her offender score.

Affirmed.

We concur:

- 13 -