IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| BRENT McFARLAND, | ) | No. 32066-9-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BURLINGTON NORTHERN SANTA FE | ) | UNPUBLISHED OPINION |
| RAILWAY COMPANY, | ) | |
| | ) | |
| Respondent. | ) | |

BROWN, J. — Brent McFarland appeals the trial court's denial of his CR 50 motion

for a new jury trial after he lost his negligence suit against Burlington Northern Santa Fe

Railway Company (BNSF). He contends the trial court erred in denying his new trial

motion because it should have denied BNSF's limine motions excluding witnesses and

an exhibit. We conclude any error was harmless and affirm.

FACTS

Mr. McFarland began working for BNSF's Pasco facility in 1994 as a railcar

mechanic, or carman. A carman's responsibility is to install heavy cross keys that hold

couplers onto railcars. Most cross keys slide in by hand. For those that do not slide in

easily, a sledgehammer is normally used to finish the task. When Mr. McFarland first

began working for BNSF, carmen used sledgehammers up to 22 pounds. In the late

1990s, however, BNSF limited sledgehammer weight to 12 pounds for safety reasons. Carmen complained the lighter sledgehammers actually made the task more physically strenuous because more force was needed with a higher frequency of hits.

In December 2009, Mr. McFarland injured his shoulder while using a sledgehammer to install a 55-pound cross key. A 2007 Job Safety Analysis (JSA) discussed the task of cross key removal and installation at the Pasco repair track. This JSA was in effect at the time of Mr. McFarland's 2009 injury. The JSA explained the proper use of a sledgehammer to install the key and identified the potential hazards of "pinch point" and "possible back strain or sprains." Clerk's Papers (CP) at 723.

In January 2012, Mr. McFarland sued BNSF under the Federal Employers Liability Act (FELA), 45 U.S.C. § 51, that creates a cause of action on behalf of a railroad worker against his or her employer. 45 U.S.C. § 51. Mr. McFarland's FELA complaint alleged BNSF negligently failed to provide him with a safe work environment, safe equipment, safe methods, adequate help, proper supervision, and failed to warn him that his work duties could cause cumulative injuries.

On August 6, 2013, Mr. McFarland filed a trial management report, listing Robert Russell, Ed Holm, and Andrew Pillar as witnesses. The men are BNSF employees from other offices who would allegedly testify about the use of a hydraulic pusher for cross key installation. BNSF moved in limine (number 13), asking the court to exclude these witnesses as not properly disclosed. The court granted the motion, noting "this case was filed by the plaintiff in January 2012. The . . . amended case scheduling order

2

which over all indicated discovery completion for all parties June 3rd 2013[.]" Report of Proceedings (RP) at 50. The court ruled, "Given this record, it seems appropriate to grant defendant's motion in limine number 13." RP at 50. Testimony from the three men was excluded.

Mr. McFarland sought admission of exhibit 14, a 2011-2012 JSA on an Omega hydraulic cross key installer. BNSF moved in limine (number 5), asking the court to exclude reference to documents not in effect at the time of the incident under ER 401, 402, and 403, including exhibit 14. Mr. McFarland responded that the 2011-2012 JSA described the "alternative method" to sledgehammers and was "relevant" and "therefore admissible." CP at 706. The court granted BNSF's motion to exclude exhibit 14 and later sustained a BNSF objection to testimony regarding the 2011-2012 JSA.

During trial, Mr. McFarland testified the Pasco facility received a hydraulic installer "sometime around 2010, 2011." RP at 242. A Pasco BNSF employee testified the facility had received a hydraulic installer but it was not being utilized because it needed "the proper hoses or manifold." RP at 167. A Pasco BNSF supervisor, who previously worked with Mr. Russell in Vancouver, testified the two came up with an idea for a hydraulic installer when BNSF discontinued its use of sledgehammers over 12 pounds. A BNSF consultant acknowledged the hydraulic installer was being utilized at some facilities, but discounted its significance. Finally, during closing arguments, Mr. McFarland's attorney argued the hydraulic installer was at the Pasco office but sat in a corner unused.

3

The jury found no negligence. Mr. McFarland unsuccessfully requested a new trial based on the court's granting of motions in limine 13 and 5. He appealed.

ANALYSIS

The issue is whether the trial court erred by abusing its discretion in excluding the testimony of Mr. Russell, Mr. Holm, and Mr. Pillar under BNSF's limine motion number 13, and excluding exhibit 14 in response to limine motion number 5.

First, we turn to witness exclusion. Mr. McFarland contends the trial court's failure to consider on the record the factors in *Burnet v. Spokane Ambulance*, 131 Wn.2d 484, 933 P.2d 1036 (1997), before imposing a discovery sanction amounts to an abuse of discretion and requires reversal.

A trial court's rulings on discovery sanctions and motions in limine are reviewed for abuse of discretion. *Burnet*, 131 Wn.2d at 494 (discovery sanctions); *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995) (motions in limine). Abuse of discretion occurs where the trial court's action is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. *Olver v. Fowler*, 161 Wn.2d 655, 663, 168 P.3d 348 (2007).

Under Franklin County LCR 4(h)(1)(A), "Each party shall, no later than the date for disclosure designated in the Case Schedule, disclose all persons with relevant factual or expert knowledge whom the party believes are reasonably likely to be called at trial." Further, "[a]ny person not disclosed in compliance with this rule may not be called to testify at trial." LCR 4(h)(1)(D). But, our Supreme Court has concluded that

4

before the trial court may exclude a witness as a discovery sanction, the court must specify the reason for the sanction on the record. *Blair v. TA-Seattle No. 176*, 171 Wn.2d 342, 344, 254 P.3d 797 (2011). Specifically, "'it must be apparent from the record that the trial court explicitly considered whether a lesser sanction would probably have sufficed,' and whether it found that the disobedient party's refusal to obey a discovery order was willful or deliberate and substantially prejudiced the opponent's ability to prepare for trial." *Burnet*, 131 Wn.2d at 494 (quoting *Snedigar v. Hodderson*, 53 Wn. App. 476, 487, 768 P.2d 1 (1989), *aff'd in part, rev'd in part*, 114 Wn.2d 153, 786 P.2d 781 (1990)). The failure to address the *Burnet* factors is an abuse of discretion. *Blair*, 171 Wn.2d at 344.

Additionally, in *Teter v. Deck*, 174 Wn.2d 207, 274 P.3d 336 (2012), our Supreme Court reiterated that striking a plaintiff's witness as a discovery sanction was an abuse of discretion where the trial court's order contained no finding that the plaintiff's discovery violation was willful or that the court explicitly considered lesser sanctions. *Teter*, 174 Wn.2d at 218-22. The court explained, "A trial court may make the *Burnet* findings on the record orally or in writing. . . . Thus, where an order excluding a witness is entered without oral argument or a colloquy on the record, findings on the *Burnet* factors must be made in the order itself or in some contemporaneous recorded finding." *Teter*, 174 Wn.2d at 217 (citation omitted).

Mr. McFarland filed a trial management report, listing Mr. Russell, Mr. Holm, and Mr. Pillar as witnesses just days before trial. The court had previously ordered all

5

discovery to be completed over a month prior. BNSF filed a motion in limine (number 13), asking the court to exclude these witnesses as not properly disclosed. The court granted the motion, noting "this case was filed by the plaintiff in January 2012" and discovery was to be complete "for all parties June 3rd 2013[.]" RP at 50. The court then briefly ruled, "Given this record, it seems appropriate to grant defendant's motion in limine number 13." RP at 50. Based on *Burnett*, *Blair*, and *Teter*, this basis is not sufficient to justify the exclusion because the court did not consider the *Burnet* factors. The lack of consideration of the *Burnet* factors on the record is an abuse of discretion.

But BNSF correctly argues the error in excluding the witnesses is harmless. "The erroneous exclusion of a party's witnesses is reversible error unless the error was harmless." *In re Dependency of M.P.*, 185 Wn. App. 108, 118, 340 P.3d 908 (2014) (citing *Jones v. City of Seattle*, 179 Wn.2d 322, 356, 314 P.3d 380 (2013)). In *Jones*, our Supreme Court applied, for the first time, a harmless error analysis to a *Burnet* violation. The court held the error in *Jones* was harmless because the excluded testimony was largely irrelevant or cumulative. *Jones*, 179 Wn.2d at 356-57.

Ample testimony from multiple witnesses showed the existence of a hydraulic installer at the Pasco facility after Mr. McFarland's injury, but the installer was not being utilized. A BNSF supervisor testified he and Mr. Russell came up with an idea for a hydraulic installer, and that some facilities were now using the hydraulic installer developed by Mr. Russell. Finally, Mr. McFarland's counsel was able to and did argue his theory that a hydraulic installer was safer for the employees. Based on the above,

6

additional testimony would largely be cumulative. Under *Jones*, when the excluded

testimony is largely cumulative, like here, then a *Burnet* violation is harmless. The

court's ruling did not amount to reversible error.[1] Next, we turn to proposed exhibit 14.

Second, Mr. McFarland contends the trial court erred in granting BNSF's motion

in limine 5 (proposed exhibit 14) and sustaining objections to testimony about the JSA

because this document was relevant to establish negligence. BNSF objected to Exhibit

14 under ER 401, 402, and 403. Therefore, we apply ER 401 and ER 402's relevancy

tests and ER 403's probative value test to determine whether the trial court abused its

discretion in excluding the 2011-2012 JSA and testimony relating to it.

To be admissible, evidence must be relevant. ER 402. Evidence is relevant if it

has "any tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the

evidence." ER 401. "Evidence is relevant if a logical nexus exists between the

evidence and the fact to be established." *State v. Burkins*, 94 Wn. App. 677, 692, 973

P.2d 15 (1999). Nevertheless, even relevant evidence "may be excluded if its probative

value is substantially outweighed by the danger of unfair prejudice." ER 403.

"[I]n FELA cases an employer is neither required to furnish the employee with the

latest, best or most perfect appliance with which to work, nor to discard standard

---

[1] We note the cumulative nature of the testimony from these witnesses, provided the trial court with additional tenable grounds to grant BNSF's motion in limine. *See State v. McCarthy*, 178 Wn. App. 90, 103, 312 P.3d 1027 (2013) ("because the evidence was cumulative . . . the trial court did not abuse its discretion in excluding it." (citation omitted).

appliances already in use that are reasonably safe and suitable, even though later improvements have been discovered." *Soto v. Southern Pac. Transp. Co.*, 514 F. Supp. 1, 4 (W.D. Tex. 1979), *aff'd*, 644 F.2d 1147 (1981). The existence of a more suitable or safer tool is irrelevant if it is not shown that the tool used is unsafe. *Soto*, 514 F. Supp. at 4; *Seeberger v. Burlington N. R. Co.*, 138 Wn.2d 815, 826, 982 P.2d 1149 (1999) (Madsen, J. dissenting).

Here, the 2007 JSA was in effect when Mr. McFarland was injured; it recommended the use of a sledgehammer to install a cross key. Mr. McFarland claims the hydraulic installer would have been safer or easier. But, under *Soto*, the existence of a new tool is irrelevant in a FELA action if the existing tool used is not shown to be unsafe. Mr. McFarland cannot show the 2011-2012 JSA was relevant to negligence, because he did not establish the 12-pound sledgehammers were unsafe. Mr. McFarland failed to produce evidence of injuries from the 12-pound sledgehammers (other than his own) at BNSF or other railroads; no expert testified repetitive sledgehammer swinging presented ergonomic risks BNSF should have investigated or that BNSF failed to follow any safety management principles; and Mr. McFarland's medical expert did not testify that sledgehammers were unsafe. Significantly, "hindsight is not the test for foreseeability." *First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 989 (9th Cir.) (2000). And, "'reasonable foreseeability of harm is an essential ingredient of Federal Employers' Liability Act negligence.'" *Seeberger*,

8

138 Wn.2d at 823 (quoting *Gallick v. Baltimore & Ohio Ry. Co.*, 372 U.S. 108, 117, 83 S. Ct. 659, 9 L. Ed. 2d 618 (1963)).

Because the 2011-2012 JSA was produced after Mr. McFarland's injury and there was no showing the sledgehammer Mr. McFarland used was unsafe, there is no logical nexus between the evidence and the fact to be established; and there is no probative value. Thus, under ER 401, ER 402, and ER 403, the evidence was irrelevant and inadmissible. This provided the trial court with tenable grounds to grant BNSF's motion in limine 5.

Given all, both sides presented evidence about the hydraulic installer, with BNSF minimizing its usefulness and Mr. McFarland bolstering its usefulness. Both parties were allowed to argue their theory of the case. Witness credibility and the weight to be given evidence is left to the province of the jury. *Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 107, 864 P.2d 937 (1994). Mr. McFarland fails to show evidentiary error that warrants the overturning of a jury verdict.

Lastly, Mr. McFarland argues the trial court erred by abusing its discretion in denying his request for a new trial. Mr. McFarland bases his assertion on the previously discussed assignments of error. We review a trial court's denial of a motion for a new trial for abuse of discretion. *Hickok-Knight v. Wal-Mart Stores, Inc.*, 170 Wn. App. 279, 324, 284 P.3d 749 (2012), *review denied*, 176 Wn.2d 1014 (2013). Based on the discussion above, the court's evidentiary rulings did not amount to reversible error.

No. 32066-9-III
*McFarland v. BNSF Ry. Co.*

Accordingly, the court had tenable grounds to deny Mr. McFarland's motion for a new trial and did not abuse its discretion.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, A.C.J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, J.

10