IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,  )
                      )  No. 77332-1-I
        Respondent,   )
                      )  DIVISION ONE
  v.                  )
                      )  UNPUBLISHED OPINION
                      )
BOBBY D. COLBERT,     )
                      )
        Appellant.    )  FILED: July 16, 2018

PER CURIAM — Bobby Colbert appeals an order "correcting judgment and sentence" and striking a condition of his 2005 sentence for second and third degree rape.[1] We affirm.

In 2005, a jury found Colbert guilty of rape in the second degree and rape in the third degree. This court affirmed the conviction. State v. Colbert, noted at 134 Wn. App. 1007 (2006), review denied, 160 Wn.2d 1004 (2007). The mandate issued in 2007.

Colbert has since filed numerous collateral challenges to his conviction, including an August 19, 2014 motion under CrR 7.8 challenging two conditions of his community supervision. The superior court transferred the motion to this court for consideration as a personal restraint petition. We dismissed the petition and Colbert sought discretionary review in the State Supreme Court.

On August 1, 2017, a Supreme Court Commissioner conditionally denied review, stating in part:

---

[1] Clerk's Papers (CP) at 21 (boldface and capitalization omitted).

[W]hile the State does not concede that the trial court lacked authority to require victim reimbursement as a community custody condition, it has conceded that the condition may be stricken because the victims have not sought reimbursement. Accepting the State's concession that this condition may be stricken, this court need not address the merits of the condition.

As to the alcohol prohibition, it is expressly permitted by statute without regard for whether the crime was alcohol-related. Former RCW 9.94A.700(5)(d) (2003).

. . . .

The motion for discretionary review is denied **on the condition that the State take steps necessary to strike the victim cost reimbursement community custody condition.**[2]

The State subsequently presented, and the trial court signed, an order stating that "the judgment and sentence filed herein on March 31, 2005, is corrected at Appendix F to strike Condition of Supervision number 3."[3] Colbert appeals.

Colbert's counsel on appeal contends the superior court violated Colbert's constitutional rights to be present and to counsel when it amended his judgment and sentence in his absence. "A criminal defendant has a constitutional right to be present at every critical stage of the criminal proceedings against him." State v. Sublett, 156 Wn. App. 161, 182, 231 P.3d 231 (2010). The right extends to any stage of the proceedings where the defendant's "substantial rights might be affected." State v. Walker, 13 Wn. App. 545, 557, 536 P.2d 657 (1975). This includes sentencing. State v. Robinson, 153 Wn.2d 689, 694, 107 P.3d 90 (2005). The right to be present applies at resentencing if the court has discretion to determine the terms of a new sentence. See State v. Davenport, 140 Wn. App. 925, 932, 167 P.3d 1221 (2007); State v. Rupe,

---

[2] Ruling Conditionally Denying Review, In re Personal Restraint of Colbert, No. 94100-9, at 3 (Wash. Aug. 1, 2017) (emphasis added). Acting Commissioner Burton's ruling was not entered into the superior court record. However, this court may take judicial notice of prior records and proceedings in same the case. See ER 201; Spokane Research & Def. Fund v. City of Spokane, 155 Wn.2d 89, 98, 117 P.3d 1117 (2005) (court may take judicial notice of the record in the case before it or in proceedings ancillary or supplementary to it)

[3] CP at 21.

2

108 Wn.2d 734, 743, 743 P.2d 210 (1987). The right does not apply, however, where the court merely makes a ministerial correction. State v. Ramos, 171 Wn.2d 46, 48, 246 P.3d 811 (2011). In general, a defendant "does not have a right to be present when his . . . 'presence would be useless, or the benefit but a shadow.'" State v. Irby, 170 Wn.2d 874, 881, 246 P.3d 796 (2011) (quoting Snyder v. Massachusetts, 291 U.S. 97, 106-07, 54 S. Ct. 330, 78 L. Ed. 674 (1934)).

Here, the Supreme Court Commissioner did not remand the matter to the superior court. Rather, the Commissioner directed the prosecutor to take steps to obtain part of the relief Colbert sought—i.e., the striking of a community custody condition. This act did not involve resentencing and amounted to the prosecutor stipulating to Colbert's request to strike the condition. This was essentially a ministerial act that was not a critical stage of the proceedings against Colbert. There was no violation of Colbert's right to be present. For the same reasons, there was no violation of Colbert's right to counsel. See State v. McCarthy, 178 Wn. App. 90, 101, 312 P.3d 1027 (2013) (noting that the right to counsel arises at all critical stages of the proceedings and that "the standard for the right to assistance of counsel is almost identical to the right to be present standard").

In a Statement of Additional Grounds, Colbert contends the amendment of his judgment and sentence destroyed the finality of his direct appeal and required application of the new rule announced in State v. W.R., 181 Wn.2d 757, 336 P.3d 1134 (2014). We disagree.

Long after Colbert's rape convictions were mandated and final, the Washington Supreme Court held for the first time in W.R. that consent to sexual intercourse negates

"forcible compulsion," and therefore requiring a defendant to prove consent violates due process. W.R., 181 Wn.2d at 763. W.R. is not retroactive to a final judgment and sentence. See In re Colbert, 186 Wn.2d 614, 380 P.3d 504 (2016). Colbert argues, however, that his judgment and sentence is no longer final by virtue of the present appeal. This argument is meritless.

For purposes of retroactivity analysis, finality is generally determined by issuance of the mandate on direct appeal and expiration of the time period for a writ of certiorari. State v. Kilgore, 167 Wn.2d 28, 35-36, 216 P.3d 393 (2009). Colbert cites nothing supporting the proposition that the subsequent striking of a condition of sentence affects the finality of a conviction and direct appeal. He cites to In re Personal Restraint of Skylstad, 160 Wn.2d 944, 162 P.3d 413 (2007), but the Skylstad court only held that a judgment was not final where it was appealed, remanded, and on appeal again following remand. Here, Colbert's direct appeal resulted in a final, mandated decision, and his current appeal is taken from a collateral attack that resulted in the ministerial striking of a sentence condition. Colbert's judgment and sentence thus remained final throughout the proceedings below. He is not entitled to retroactive application of W.R.

Colbert also asserts a double jeopardy claim but fails to identify anything in the order striking the community custody condition that violated double jeopardy principles.

Affirmed.

FOR THE COURT: